**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 26-cv-20903-BLOOM**

CATALINO ORTEGA,

      Petitioner,

v.

PAMELA BONDI, in her official capacity
as Attorney General of the United States;
TODD LYONS, in his official capacity as Acting
Director of Immigration and Customs Enforcement;
WARDEN, Miami Federal Detention Center FDC;
U.S. ATTORNEY FOR THE SOUTHERN DISTRICT OF FLORIDA,

      Respondents.

_____/

## ORDER GRANTING PETITION FOR WRIT OF *HABEAS CORPUS*

**THIS CAUSE** is before the Court upon Catalino Ortega's ("Petitioner") Petition for Writ of *Habeas Corpus* ("Petition"), ECF No. [1]. The Respondents filed a Response to Order to Show Cause ("Response"), ECF No. [8]. Petitioner filed a Memorandum of Law in Support, ECF No. [9]. The Court has reviewed the Petition, the supporting and opposing submissions, the record, and is otherwise fully advised. For the reasons that follow, the Petition is granted in part and denied in part.

### I.   BACKGROUND

Petitioner is a citizen of El Salvador who has lived in the United States for over 30 years. ECF No. [1] at 7. In 1998, Petitioner was charged with violating 8 U.S.C. § 1182(a)(6)(A)(i), as an alien present in the United States without being admitted or paroled, and placed in removal proceedings. ECF No. [8-1]. On July 28, 1999, an immigration judge ordered Petitioner's removal to El Salvador. ECF No. [8-3]. Petitioner remained in the United States under Temporary Protected

Status until 2013, when Petitioner's status was withdrawn because he was convicted of two misdemeanor offenses. ECF No. [8-4]. On December 12, 2013, the Department of Homeland Security ("DHS") encountered Petitioner at a local jail following his arrest for a probation violation and took him into custody to effectuate his removal. ECF No. [8-5]. At that time, Petitioner moved to reopen his removal proceedings, be released on bond, and have his case administratively closed, which the Immigration Judge granted. ECF No. [8-6]. On October 31, 2025, while returning home from work, Petitioner was stopped by the police for having an expired driver's license and was taken into custody. ECF No. [1] at 8. Petitioner is currently detained at the Miami Federal Detention Center. *Id*. at 2.

Petitioner alleges three grounds for relief: (I) detention under § 1225(b) is *ultra vires*; (II) Respondents violated the *Accardi* doctrine by refusing to conduct the bond hearing required by § 1226; and (III) continued detention without individualized review violates the Fifth Amendment Due Process Clause. ECF Nos. [1] at 7; [9] at 2.  Petitioner requests this Court order his immediate release under reasonable conditions of supervision; or, in the alternative, order an immediate bond hearing under 8 U.S.C. § 1226(a) within seven days. ECF No. [9] at 15.

Respondents argue that 8 U.S.C. § 1226(a) is inapplicable as Petitioner is an applicant for admission subject to mandatory detention under U.S.C. § 1225(b)(2)(A). ECF No. [8] at 5. Moreover, Respondents contend that Petitioner failed to exhaust his administrative remedies and that 8 U.S.C. § 1252(g) bars this Court's review of Petitioner's claims. *Id*. at 12-13.

## II.    LEGAL STANDARD

Pursuant to 28 U.S.C. § 2241(a), district courts have the authority to grant writs of habeas corpus. Habeas corpus is fundamentally "a remedy for unlawful executive detention." *Munaf v. Geren*, 553 U.S. 674, 693 (2008) (citation omitted). A writ may be issued to a petitioner who demonstrates that he is being held in custody in violation of the Constitution or federal law. *See*

28 U.S.C. § 2241(c)(3). The Court's jurisdiction extends to challenges involving immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

### III.   DISCUSSION

#### A.  Jurisdiction

As a preliminary matter, the Court notes that it has jurisdiction to review the Petition. While federal district courts still generally retain jurisdiction to review immigration detention claims, in enacting 8 U.S.C. § 1252, Congress has curtailed district court's subject matter jurisdiction over certain immigration actions. Section 1252 strips district court review of certain factual or legal issues concerning specific discretionary decisions related to immigration removal proceedings. Section 1252 has also consolidated review of certain immigration actions in the court of appeals. Relevant here, § 1252(g) strips federal district courts of jurisdiction where the petitioner's claims challenge or arise from (1) the commencement of removal proceedings, (2) the adjudication of cases, and (3) the execution of final removal orders. *See Barrios v. Ripa*, No. 25-cv-22644, 2025 WL 2280485, at *4 (S.D. Fla. Aug. 8, 2025) (citing 8 U.S.C. § 1252(g)). While § 1252(g) "bars courts from reviewing certain exercises of discretion by the attorney general, it does not proscribe substantive review of the underlying legal basis for those discretionary decisions and actions." *Madu v. U.S. Atty. Gen.*, 470 F.3d 1362, 1368 (11th Cir. 2006).

Whether § 1252(g) strips this Court of jurisdiction depends on the nature of Petitioner's challenge to his detention. Where Respondents argue Petitioner is detained pursuant to § 1225(b)(2) and Petitioner invokes § 1226(a), Petitioner challenges the underlying statutory basis for his detention pending removal proceedings, which district courts have jurisdiction to hear. *See e.g.*, *Merino v. Ripa*, No. 25-cv-23845, 2025 WL 2941609, at *3 (S.D. Fla. Oct. 15, 2025) (finding the court has jurisdiction to hear challenges to ongoing detention pending removal proceedings on

the basis of § 1226(a) and § 1225(b) arguments). Thus, this Court has jurisdiction to determine the underlying statutory basis for Petitioner's detention.

## B. Exhaustion of Administrative Remedies

Respondents also argue that the Petition should be dismissed because Petitioner has failed to exhaust available administrative remedies and has not shown administrative review would be futile. ECF No. [8] at 12. The exhaustion requirement under 8 U.S.C. § 1252(d)(1) "is not jurisdictional," but rather prudential. *Kemokai v. U.S. Att'y Gen.*, 83 F.4th 886, 891 (11th Cir. 2023) (acknowledging the abrogation of prior Eleventh Circuit precedent interpreting § 1252(d)(1) as a jurisdictional bar by *Santos-Zacaria v. Garland*, 598 U.S. 411, 413 (2023)). As a result, administrative "exhaustion is not required where no genuine opportunity for adequate relief exists . . . or an administrative appeal would be futile." *Linfors v. United States*, 673 F.2d 332, 334 (11th Cir. 1982) (citing *Von Hoffberg v. Alexander*, 615 F.2d 633, 638 (5th Cir. 1980)). In *Yajure Hurtado*, the Board of Immigration Appeals ("BIA") concluded that "aliens who are present in the United States without admission are applicants for admission under . . . 8 U.S.C. § 1225(b)(2)(A), and must be detained for the duration of their removal proceedings." 29 I&N Dec. 216, 220 (BIA 2025). Courts have concluded that because of *Yajure Hurtado*, any appeal to the BIA is essentially futile. *See, e.g.*, *Puga v. Assistant Field Dir., Krome N. Serv. Processing Ctr.*, No. 25-24535, 2025 WL 2938369, at *2 (S.D. Fla. Oct. 15, 2025) ("Since the result of Petitioner's custody redetermination and any subsequent bond appeal to the BIA is nearly a foregone conclusion under *Matter of Yajure Hurtado*, any prudential exhaustion requirements are excused for futility."). The Court therefore excuses exhaustion.

## C. Detention Pending Removal Proceedings

The Eleventh Circuit recently issued a binding opinion regarding the interpretation of § 1225 and § 1226. *See Fidencio Alvarez v. Warden, Fed. Det. Ctr. Miami, et al.*, No. 25-14065,

slip op. (11th Cir. May 6, 2026). The Eleventh Circuit upheld the district court's ruling that the petitioners, who entered the United States without inspection, were apprehended in the interior of the country years later, and had either no or minimal, traffic-related criminal histories, were entitled to a bond hearing under § 1226(a), despite the Government's position that the petitioners were properly held without bond under § 1225(b)(2). *See id.* at 4, 8-9. Consistent with this Court's prior rulings and the rulings of numerous other courts,[1] the Eleventh Circuit rejected Respondents' "re-interpretation" of the Immigration and Nationality Act ("INA") that foreign nationals already in the country are under the purview of § 1225(b)'s mandatory detention. *Id.* at 4. The Eleventh Circuit explained that an "applicant for admission" is a term of art that "'deems' an alien to be an applicant merely by arriving or being present in the United States without having been admitted." *Id.* at 16. Conversely, an applicant for admission who is "seeking admission" is someone in "pursuit of 'lawful entry . . . after inspection and authorization by an immigration officer[.]" *Id.* at 19. Thus, someone is properly detained pending removal proceedings under § 1225(b)(2)(A), "if he (1) is arriving in the United States or is present in the United States without having been granted lawful entry; (2) is seeking lawful entry after inspection and authorization by an immigration officer; and (3) is not clearly and beyond a doubt entitled to lawful entry, as determined by the examining immigration officer." *Id.* at 19-20 (citing § 1225(b)(2)(A)). The Eleventh Circuit

---

[1] The vast majority of courts, including this Court, have adopted reasoning similar to the Eleventh Circuit's. *See e.g.*, Order Granting Petition for Writ of Habeas Corpus at 10, *Huerta-Lopez v. Miami Ice Field Office Director, et al.,* No. 26-cv-20165 (S.D. Fla. Mar. 23, 2026), Dkt. No. 8 (finding that the petitioner, who was appended approximately eight years after he entered the United States, was detained pursuant to the authority of 8 U.S.C. § 1226(a) and was entitled to a bond hearing before an immigration judge); *see also Perez v. Parra*, No. 1:25-cv-24820-KMW, Dkt. No. 9 at 6-10 (S.D. Fla. Oct. 27, 2025) (collecting "countless" cases). The Second Circuit recently issued a decision similarly disagreeing with the Government's interpretation. *See Barbosa Da Cunha v. Freden*, No. 25-3141-pr, slip op. at 2-3 (2d Cir. Apr. 28, 2026) (finding that "[§] 1225(b)(2)(A) does not apply to noncitizens, such as Petitioner, who are present in the United States after entering the country without inspection and admission and who were not apprehended at or near the border at the time of entry."). Only the Fifth and Eighth Circuits have agreed with the Government's interpretation of the statute. *See Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026); *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026).

explained that petitioners satisfy the first condition because they were "discovered in the interior but were never granted lawful entry;" however, they do not meet the second requirement because they "were not applying for entry in any literal sense when they were detained following a traffic stop[.]" *Id.* at 20. Thus, § 1225(b)(2)(A) does not apply. *Id.* In upholding the district court's grant of a bond hearing pursuant to § 1226(a), the Eleventh Circuit concluded, "Simply put, the language that Congress has chosen to use does not grant to the Executive unfettered authority to detain, without the possibility of bond, every unadmitted alien present in the country. . . . [I]t appears to us that Congress has instead preserved the longstanding border-interior distinction for purposes of detention, a position it has taken for over a hundred years." *Id.* at 56.

There exist no material distinctions between Petitioner here and the petitioners in *Fidencio Alvarez*. Petitioner entered the United States without inspection in 1992. ECF No. [9] at 5. Petitioner was stopped in the interior of the country by the police for having an expired driver's license, at which time he was taken into custody. ECF No. [1] at 8. By the Eleventh Circuit's binding reasoning, Petitioner was not seeking admission. Therefore, this Court applies the Eleventh Circuit's holding in *Fidencio Alvarez* to conclude that Petitioner is, as a matter of statutory interpretation, not lawfully held under 8 U.S.C. § 1225(b)(2). Accordingly, the Court finds that Petitioner is detained in violation of the laws of the United States pursuant to 8 U.S.C. § 2241. Furthermore, the Court finds that Petitioner is detained pursuant to the authority of 8 U.S.C. § 1226(a) and is entitled to a bond hearing.

Because the Court grants Petitioner's request for a bond hearing to determine whether there is evidence of dangerousness or risk of flight to justify his continued detention, the Court does not separately address his due process arguments

## IV.    CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Petitioner's Petition for Writ of Habeas Corpus, **ECF No. [1]**, is **GRANTED, in part** and **DENIED in part**.

2. Within seven (7) days of the date of this Order, Respondents must either: (1) provide Petitioner with a bond hearing before an immigration judge consistent with 8 U.S.C. § 1226(a), at which the Government shall bear the burden of justifying his continued detention by clear and convincing evidence of dangerousness or risk of flight; or (2) release Petitioner from custody, under reasonable conditions of supervision.

3. Respondents are enjoined from denying bond to Petitioner on the basis that he is detained pursuant to 8 U.S.C. § 1225(b)(2).

4. Respondents must, within 24 hours of the bond hearing, file a status report indicating the outcome of the bond hearing and, if release on bond is denied, the reason(s) for the denial.

5. The Clerk of Court shall **CLOSE** this case.

6. To the extent not otherwise disposed of, any scheduled hearings are **CANCELED**, all pending motions are **DENIED AS MOOT**, and all deadlines are **TERMINATED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on May 15, 2026.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc:    counsel of record

7